**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 00-40023-01-GPM |
| | ) |
| **STANLEY ALGEE,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Stanley Algee is serving a 300 month term of imprisonment which was imposed by this Court on April 30, 2001 (*see* Docs. 132, 135). This term consists of 240 months on Count 1, 120 months on Counts 2 and 3 (to be served concurrently to the term imposed on Count 1), and 60 months on Count 4 (to be served consecutive to the term imposed on Counts 1, 2, and 3).

On March 26, 2008, Algee filed a motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582 (Doc. 180). An amended motion was filed on April 6, 2009 (Doc. 184). The Court appointed counsel to represent Algee on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c). *See Anders v. California*, 386 U.S. 738, 744 (1967). Algee did not respond to the motion to withdraw, even though he was given an opportunity to do so.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence

where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Algee cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.").

Algee's sentencing guideline range was based on a 240 month *statutory* minimum. Because his sentence was based on a statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. The Court lacks subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 183) and **DISMISSES** the motions for sentence reduction (Docs. 180, 184) for **lack of jurisdiction**. The Clerk is **DIRECTED** to mail a copy of this order to Defendant Stanley E. Algee, #05221-025, Oxford Federal Correctional Institution, P.O. Box 1000, Oxford, WI 53952.

**IT IS SO ORDERED.**

DATED: 6/16/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge