IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 00-CR-40023-NJR |
| | ) |
| | ) |
| STANLEY E. ALGEE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**ROSENSTENGEL, District Judge:**

  Defendant Stanley Algee filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines (Doc. 195). The Motion was referred to the Federal Public Defender's office, and Assistant Federal Public Defender Thomas Gabel entered his appeared on behalf of Defendant (Docs. 197). Mr. Gabel has now moved to withdraw claiming that Defendant is ineligible for a sentence reduction under Amendment 782 because he was sentenced to a statutory mandatory minimum (Doc. 200). Defendant responded to Mr. Gabel's Motion to Withdraw (Doc. 201). The Government has not filed a response.

  A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have

the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, modified the Drug Quantity Table in § 2D1.1 of the Guidelines Manual. It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses. Amendment 782 did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.-S.S.G. § 5G1.1(b) based on a statutory minimum, rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts.

Defendant asserts that, under Amendment 782, his guideline range is 155 to 188 months (Doc. 201). Defendant is mistaken. Amendment 782 does not reduce his applicable guideline range. Defendant is serving a mandatory minimum sentence. Specifically, his term of imprisonment consists of 240 months on Count 1, 120 months on Counts 2 and 3 (to be served concurrently to the term imposed on Count 1), and 60 months on Count 4 (to be served consecutive to the term imposed on Counts 1, 2, and 3) (*see* Docs. 132, 135). Because his sentence was based on a statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, Amendment 782 did not lower his guideline range. *See United States v. Taylor,* 778 F.3d 667, 672 (7th Cir. 2015) ("The sentencing range that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence. Relief is not available if a retroactive amendment does not have the effect of lowering the defendant's applicable guideline range.").

Having carefully reviewed the issues, the Court concludes that Mr. Gabel is entitled to withdraw as defense counsel, and Defendant is not eligible for the requested relief. For these reasons, Mr. Gabel's Motion to Withdraw (Doc. 200) is **GRANTED**. Defendant's Motion for a Sentence Reduction (Doc. 195) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 3, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**
